Filed 12/9/20  D.-S. v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| MARIA D.-S., | F081898 |
| Petitioner, | |
| v. | (Super. Ct. No. 20JP-00041-A) |
| THE SUPERIOR COURT OF MERCED COUNTY, | **OPINION** |
| Respondent; | |
| MERCED COUNTY HUMAN SERVICES AGENCY, | |
| Real Party in Interest. | |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for extraordinary writ review.  Brian L. McCabe, Judge.

Maria D.-S., in pro. per., for Petitioner.

No appearance for Respondent.

Forrest W. Hansen, County Counsel, and Jennifer Trimble, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]    Before Detjen, Acting P.J., Smith, J. and Meehan, J.

Maria D.-S. (mother) seeks extraordinary writ relief (Cal. Rules of Court, rule 8.452),[1] in propria persona, from the juvenile court's orders issued at a contested jurisdictional/dispositional hearing on October 15, 2020, denying her reunification services (Welf. & Inst. Code, § 361.5, subd. (b)(3) & (7))[2] and setting a January 28, 2021 section 366.26 hearing as to her now seven-month-old son, E.D.-S. (the baby). We conclude her petition fails to comport with the procedural requirements of rule 8.452 and dismiss the petition.

## PROCEDURAL AND FACTUAL SUMMARY

The baby was taken into protective custody at birth in April 2020 by the Merced County Human Services Agency (agency) because of mother's extensive history of child abuse and neglect involving her then eight-year-old adoptive daughter, A.D.-S. (the daughter). Though mother was provided mental health counseling and parenting education, her daughter was removed from her custody multiple times, most recently in February 2020 for physical abuse and neglect. The whereabouts of the baby's alleged father were initially unknown. The baby was placed with a relative.

Mother stated her daughter was a " 'special needs child' " whom she believed suffered from severe mental illness and who made false reports about her. However, the daughter was evaluated in the emergency room after the agency removed her in February 2020. She said mother hit her with a " 'chancla' "[3] because she took five cookies without permission. The examining physician documented multiple bruises in different stages of healing and diagnosed the bruising as child abuse.

The agency filed a dependency petition on the baby's behalf, alleging mother's pattern of abusing and neglecting her daughter placed the baby at a substantial risk of

---

[1] Rule references are to the California Rules of Court.

[2] Statutory references are to the Welfare and Institutions Code.

[3] According to the record, "chancla" is Spanish for "sandal."

2.

harm. Mother contested the allegations and testified at the detention hearing she did not harm her daughter and did not pose a physical threat to the baby. She believed her daughter sustained the bruises by falling from a bicycle but also said her daughter harmed herself and lied to get attention. Mother was hoping her daughter would get the help she needed for her behavioral problems during her previous dependency case. For that reason, mother did not dispute the physical abuse allegations. Mother believed the daughter lied to the authorities more recently because she was upset about mother having a baby.

The juvenile court found prima facie evidence the baby was a dependent child as alleged in the dependency petition and set a jurisdictional/dispositional hearing (combined hearing) for May 21, 2020.

The baby's alleged father, Manuel D., made his first appearance at the combined hearing. The court ordered him to take a paternity test and continued the hearing to July. In the interim, the court conducted the dispositional hearing as to the daughter. The court found mother physically abused her and denied mother reunification services. The court ordered the daughter into long-term foster care.

The agency recommended the juvenile court deny mother reunification services at the combined hearing under section 361.5, subdivision (b)(3) because the daughter was removed from mother's custody multiple times. She was removed in February 2018 for physical abuse after mother struck her with a broom, resulting in bruising on her left thigh, inner right thigh and on her left scapular area. She was removed again in August 2018 after having been returned to mother's custody. The agency also recommended denial of services under subdivision (b)(7) because the court denied mother reunification services for the daughter.

The parents requested a contested hearing, which was conducted on October 15, 2020. In September 2020, the agency filed an addendum report, stating Manuel died in

3.

an automobile accident the previous month.[4] The agency also reported mother told the daughter during a visit she was losing her baby because of the daughter and her lies. Following the visit, the daughter talked about harming herself and shook and cried uncontrollably.

Social worker Kristen Zambrano testified at the October 15 hearing mother had weekly one-hour visits with the baby at the visitation center and visits went well. Mother was participating in a parenting class and services for anger management. She did not believe mother could benefit from participating in reunification services. Although visitation went well, the agency was concerned mother might physically abuse the baby if, for example, he cried uncontrollably in the middle of the night.

The daughter's former foster mother described a bad nightmare the daughter had following visits with mother. She woke up crying and yelling, stating mother took her to the mountains, hit her and dragged her by the hair. Mother left her there and drove off while the daughter ran behind her. When the foster mother tried to assure the daughter it was only a dream, she said it actually happened. Asked whether the daughter lied, the foster mother said she lied about "little kid stuff," such as saying she put her clothes away and brushed her teeth when she had not.

Mother testified she was not a threat to the baby and would benefit from reunification services. She denied physically abusing her daughter, blaming her daughter's mental health for the allegations.

The juvenile court took judicial notice of the daughter's dependency cases and the transcripts of the daughter's testimony in her case. The court sustained the allegations, denied mother reunification services as recommended and set a section 366.26 hearing.

---

[4]     Manuel died without taking a paternity test and remained the baby's alleged father.

4.

## DISCUSSION

As a general proposition, a juvenile court's rulings are presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Thus, absent a showing of error, this court will not disturb them. A parent seeking review of the juvenile court's orders from the setting hearing must, as mother did here, file an extraordinary writ petition in the reviewing court. The purpose of writ proceedings is to allow the reviewing court to review the juvenile court's orders to identify any errors before the section 366.26 hearing occurs. Rule 8.452 requires the petitioner to identify the error(s) he or she believes the juvenile court made. It also requires the petitioner to support each error with argument, citation to legal authority, and citation to the appellate record. (Rule 8.452(b).)

Mother's writ petition provides basic identifying information and the remedies she seeks (i.e., reunification services, visitation or custody). However, she does not assert the juvenile court's rulings issued at the hearing on October 15, 2020, were error. Consequently, we conclude her petition is facially inadequate for review and dismiss it.

## DISPOSITION

The petition for extraordinary writ is dismissed. This court's opinion is final forthwith as to this court pursuant to rule 8.490(b)(2)(A).